**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Bianca Best, | Case No. 2:25-cv-13514-RMG |
| Plaintiff, | |
| v. | |
| Sam Richardson, Sheriff of Dorchester County, in his individual and official capacity, Clayton Killion and Marc Mood, Deputies with the Dorchester County Sheriff's Office, in their individual and official capacities, Dorchester County Sheriff's Office, Dorchester County, | **ORDER** |
| Defendants. | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Defendants' motion to dismiss, (Dkt. No. 6), be granted in part and denied in part. (Dkt. No. 9). Plaintiff filed limited objections to the R&R. (Dkt. No. 11). Defendants filed no objections.

## I.    Background

Plaintiff filed suit against various employees of the Dorchester County Sheriff's Office in their individual and official capacities and asserted claims under the South Carolina Tort Claims Act (SCTCA), common law torts outside the SCTCA, and 42 U.S.C. § 1983. Plaintiff alleged that Defendants Killion and Mood, acting within the scope of their duties as Dorchester County deputies, intentionally used "violent force and restraint . . . against an innocent female citizen who they did not suspect of criminal activity, posing an imminent threat to the deputies or herself, or posing a risk to the preservation of evidence relating to any suspected crime." (Dkt. No. 1 at 1).

The Court is required to accept the allegations of the complaint to be truthful for purposes of addressing the motion to dismiss.

The Magistrate Judge issued a comprehensive R&R that recommended the following:

1. Dismissal of § 1983 claims against Defendants Dorchester County, Dorchester County Sheriff's Office, and Defendants Killian, Mood, and Richardson in their official capacities as barred by the Eleventh Amendment. (Dkt. No. 9 at 5-8)[1];

2. Dismissal of SCTCA claims brought against Defendants Killian, Mood, and Richardson in their individual capacities (negligence and gross negligence) because claims that fall within the SCTCA must be brought against the agency or political subdivision (*Id*. at 13-14);

3. Denial of the motion to dismiss against Defendants Killion and Mood for state common law claims of assault and battery and intentional infliction of emotional distress (*Id*. at 12-13);

4. Dismissal of the § 1983 individual capacity claim against Defendant Richardson, the Sheriff of Dorchester County, because Plaintiff alleged no personal involvement in the alleged conduct by Defendants Killian and Mood and failed to allege sufficient facts to support a claim for either supervisory liability or failure to train. (*Id*. at 9-11).

Plaintiff largely agreed with the recommendations of the Magistrate Judge, with the exception of the recommendation that the § 1983 individual capacity claim against Defendant Richardson be dismissed for failure to plead supervisory liability or failure to train cause of action. Plaintiff argued that the allegations contained in the complaint were sufficient to support those claims. (Dkt. No. 11 at 4-5). Plaintiff requests that if the Court determines the allegations in the

---

[1] Defendants did not move to dismiss the § 1983 claims against Defendants Killian and Mood brought in their individual capacity. (Dkt. No. 9 at 14 n. 3).

complaint are insufficient to state § 1983 claims against Defendant Richardson in his individual capacity that she be granted leave to amend her complaint. (*Id.* at 8).

## II.     Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     Discussion

The parties largely did not object to the Magistrate Judge's R&R, except for Plaintiff's objection to the recommendation that the § 1983 individual capacity claim against Defendant Richardson be dismissed because the complaint contains insufficient allegations to support claims for supervisory liability and intentional infliction of emotional distress. The Court has carefully reviewed the allegations in the complaint and agrees with the finding of the Magistrate Judge that the complaint as it presently stands fails to plausibly state claims for supervisory liability and failure to train.  Consequently, the Court adopts the R & R of the Magistrate Judge as the order of the Court.

This case will continue to be handled during the pretrial stage by the Magistrate Judge regarding the § 1983 individual capacity claims against Defendants Killion and Mood and the state common law claims of assault and battery and intention infliction of emotional distress against

these defendants. Since this litigation is at an early stage, the Court grants Plaintiff leave to move before the Magistrate Judge to amend her complaint regarding § 1983 individual capacity claims against Defendant Richardson for supervisory liability and failure to train.

### IV.    Conclusion

In light of the foregoing, the Court adopts the R&R of the Magistrate Judge (Dkt. No. 9) as the order of the Court and dismisses the following claims (1) § 1983 claims against Defendants Dorchester County, Dorchester County Sheriff's Office, and official capacity claims against Defendants Killian, Mood, and Richardson; (2) dismissal of negligence and gross negligence claims asserted under the SCTCA against Defendants Killian and Mood; (3) dismissal of the § 1983 individual capacity claim against Defendant Richardson, although Plaintiff is granted leave to amend her complaint to make further allegations involving supervisory liability and failure to train claims. Plaintiff's § 1983 individual capacity claims against Killian and Mood and state common law claims of assault and battery and intentional infliction of emotional distress will go forward.

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

March 9, 2026
Charleston, South Carolina

5