UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bianca Best,<br><br>    Plaintiffs,<br><br>    v.<br><br>Sam Richardson, Sheriff of Dorchester County, in his individual and official capacity, Clayton Killion and Marc Mood, Deputies with the Dorchester County Sheriff's Office, in their individual and official capacities, Dorchester County Sheriff's Office, County of Dorchester,<br><br>    Defendants. | C/A No.: 2:25-cv-13514-RMG-MGB<br><br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT |

The Defendants, by and through their undersigned counsel, hereby submit their response in opposition to Plaintiff's Motion to Amend her Complaint filed on May 5, 2026. [ECF 23].

**STATEMENT OF THE CASE**

By Order filed March 9, 2026, this Court granted in part and denied in part Defendants' Motion to Dismiss. In pertinent part, this Court granted Defendants' motion seeking to dismiss Sheriff Richardson for his alleged violation of 42 U.S.C. § 1983 related to the hiring, supervision, and training of deputies Killian and Mood, who are defendants in this action. However, the Court granted Plaintiff leave to amend her Complaint to make further factual allegations involving supervisory liability and failure to train claims against Sheriff Richardson. [ECF 13, p. 5].

On May 5, 2026, Plaintiff timely filed a Motion to Amend the Complaint and attached as an exhibit the proposed Amended Complaint. [ECF 23]. The original Complaint consisted of fourteen (14) pages and 60 paragraphs of allegations. [ECF 1].

The proposed Amended Complaint now sets forth 160 paragraphs of allegations in twenty-three (23) pages.

The only additional claim being added is an alleged violation of 42 U.S.C. § 1983 against Sheriff Richardson for his alleged failure to train and supervise his deputies. Of the 160 paragraphs of allegations, the "new" allegations against Sheriff Richarson appear in paragraphs 82 to 91. [ECF 23-1]. Those allegations follow:

82. Plaintiff alleges that Defendant Richardson, as Sheriff of Dorchester County, was responsible for the hiring, training, supervision, discipline, and control of deputies serving under him, including Defendants Killion and Mood.

83. Plaintiff alleges that Defendant Richardson knew or should have known that deputies under his command would encounter persons experiencing mental-health crises, suicidal ideation, emotional distress, and other circumstances requiring deescalation and protection of personal dignity.

84. Plaintiff alleges that Defendant Richardson knew or should have known that deputies under his command needed adequate training and supervision concerning encounters with unclothed, vulnerable, medically distressed, or mentally distressed persons in private residences.

85. Plaintiff alleges that Defendant Richardson knew or should have known that deputies under his command needed adequate training and supervision concerning limits on force when no crime is suspected, no warrant is being executed, and no immediate threat exists.

86. Plaintiff alleges that Defendant Richardson failed to provide adequate hiring screening, training, supervision, discipline, or corrective oversight sufficient to prevent deputies under his command from using unjustified force in circumstances like those presented here.

87. Plaintiff alleges that Defendant Richardson failed to ensure that deputies under his command were trained and supervised to deescalate encounters involving psychiatric emergencies rather than escalating those encounters through force.

88. Plaintiff alleges that Defendant Richardson failed to ensure that deputies under his command were trained and supervised to preserve the privacy and dignity of unclothed persons encountered during welfare checks or mental-health responses.

89. Plaintiff alleges that Defendant Richardson failed to ensure that deputies under his command were trained and supervised to distinguish between an emergency medical response and a criminal enforcement response.

90. Plaintiff alleges that Defendant Richardson failed to ensure that deputies under his command were trained and supervised to avoid punitive, retaliatory, or humiliating treatment of citizens who object to police conduct during noncriminal welfare encounters.

91. Plaintiff alleges that the force used by Defendants Killion and Mood was a foreseeable result of inadequate hiring, training, supervision, discipline, and corrective oversight by Defendant Richardson.

[ECF 23-1]. Plaintiff restates these general allegations in COUNT IV – Negligent Hiring, Training, and Supervision Against Sheriff Richardson. [*Id*, ¶¶ 165-180].

## **ARGUMENT**

**THE MOTION TO AMEND SHOULD BE DENIED AS THE PROPOSED AMENDED COMPLAINT FAILS TO SET FORTH FACTS SUFFICIENT TO SHOW A CONSTITUTIONAL VIOLATION AGAINST SHERIFF RICHARDSON IN HIS INDIVIDUAL CAPACITY**

"Section 1983 imposes liability on any person who, under the color of state law, deprives another person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Doe v. Kidd*, 501 F.3d 348, 355 (4th Cir. 2007). "Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997).

However, in *Ashcroft v. Iqbal,* the court held "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. 662, 676 (2009) (emphases added).

Three elements required to establish a constitutional claim for supervisory liability follow:

(1) the supervisor's knowledge that his subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) an 'affirmative

causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'

*Shaw v. Stroud,* 13 F.3d 791, 798-99 (4th Cir. 1994) (citations omitted), *cert. denied,* 513 U.S. 813 (1994) ("recognizing that supervisory liability can extend 'to the highest levels of state government,' we have noted that liability ultimately is determined "by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.")

There are no factual allegations in the proposed Amended Complaint showing Sheriff Richardson had knowledge of the alleged conduct or similar conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff or those similarly situated.

The proposed Amended Complaint contains nine (9) paragraphs of factual allegations against Sheriff Richardson. None of the allegations state that prior to the date of this incident, any of Sheriff's Richardson's subordinates had engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the Plaintiff. Additionally, the proposed Amended Complaint does not allege Sheriff Richardson had personal knowledge of any interactions between his deputies and the Plaintiff, much less any knowledge of prior conduct by any of his deputies that posed a pervasive and unreasonable risk of constitutional injury against Plaintiff or other similarly situated individuals having a purported mental health crisis.

Plaintiff further fails to allege any facts under a tacit authorization theory. *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (stating "[a] supervisor may be held liable under a tacit authorization theory if that supervisor fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place").Specifically, there are no facts alleged showing a known patter of comparable

conduct occurring before this incident and that Sheriff Richardson fails to take action in response to the known pattern of comparable conduct.

Plaintiff has failed to allege any facts showing a prima facie case for the first element needed to maintain a case for supervisory liability against Sheriff Richardson. For the reasons set forth, granting the Motion to Amend is futile as once filed, Defendants will move to have the new claim dismissed as allowed by Fed. R. Civ. P. 12(b)(6) as Sheriff Richardson is entitled to judgment in his favor as a matter law of the 42 U.S.C. § 1983 claim based on the facts alleged.

### **CONCLUSION**

For the reasons set forth, Defendants request the Motion to Amend be denied.

HOWSER, NEWMAN & BESLEY, LLC

s/Damon C. Wlodarczyk
Damon C. Wlodarczyk, Fed. Id. 9487
1508 Washington Street
Post Office Box 12009 (29211)
Columbia, South Carolina 29201
(803) 758-6000
damonw@hnblaw.com
Attorney for Defendants

Columbia, South Carolina
May 19, 2026